O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mynor Varela,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>Raymond Madden,<br><br>　　　　　Respondent. | Case No. 2:22-cv-1864-CAS (AS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the records and files herein, including the Petition for Writ of Habeas Corpus (Dkt. 1, "Petition"), respondent's Answer to the Petition (Dkt. 6 "Answer."), respondent's lodged documents from petitioner's state proceedings (Dkt. 7), petitioner's Traverse (Dkt. 9), the Report and Recommendation of the United States Magistrate Judge (Dkt. 11, "Report"), and petitioner's Objections to the Report (Dkt. 12, "Objection"). Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a *de novo* review of the matters to which objections have been stated. Petitioner's assertions and arguments have been reviewed carefully. The Court, however, concludes that nothing set forth in the Objection or otherwise in the

record for this case affects, alters, or calls into question the findings and analysis set forth in the Report. Therefore, the Court concurs with and accepts the findings and recommendations of the magistrate judge.

Petitioner Mynor Varela, a California state prisoner, is currently serving a life sentence without the possibility of parole for one count of second-degree murder of a police officer, one count of gross vehicular manslaughter, two counts of assault on a police officer, and one count of leaving the scene of an accident. See Report at 1-3. In his first trial, petitioner was convicted of assault on a police officer and leaving the scene of an accident, but the jury did not reach a verdict on the charges of murder and vehicular manslaughter. Id. In a second trial, petitioner was re-tried and convicted on the murder and vehicular manslaughter charges, and the jury found true the allegation that petitioner used his car as a dangerous and deadly weapon. Id. Petitioner appealed his conviction, and the California Court of Appeal affirmed the trial court's decision. On December 23, 2020, the California Supreme Court denied petitioner's petition for review.

On March 21, 2022, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Petition. Petitioner alleges that: (1) collateral estoppel precluded his second trial on the murder charge because the jury in his first trial could not reach a verdict on that count, and instead found petitioner guilty of leaving the scene of an accident, necessarily meaning the jury found the homicide was accidental; and (2) there was insufficient evidence to support the jury's finding that petitioner used his vehicle as a deadly weapon, and thus, his conviction violates due process. Id.

The magistrate judge recommends that the Court deny the Petition and dismiss this action with prejudice. Petitioner objects on the following grounds: (1) the Report erred in finding petitioner's first jury did not decide that his crime was accidental; and (2) the Report erred in finding sufficient evidence to sustain a

murder conviction in which petitioner used his car as a deadly weapon. See generally Objection. The Court finds that petitioner's objections are without merit.

**1. Collateral Estoppel Claim**

First, as the Report noted, petitioner is not entitled to relief on his collateral estoppel claim. To determine whether collateral estoppel applies, courts "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." Ashe v. Swenson, 397 U.S. 436, 444 (1970) (citation and internal quotation marks omitted); Report at 15–16. "If there is more than one rational conclusion that can be drawn from the first jury's verdict, then collateral estoppel cannot apply because the issue was not necessarily decided by the jury's verdict." Sivak v. Hardison, 658 F.3d 898, 919 (9th Cir. 2011) (citation and internal quotation marks omitted).

In his first objection, petitioner reemphasizes his argument that the first jury's decision to convict on the charge of leaving the scene of an accident necessarily included a finding that he lacked malice in causing the collision, and thus, he did not have the mental state required for murder. However, the jury did not necessarily have to find that the traffic collision was an unintentional accident in order to find petitioner guilty of leaving the scene of an "accident." See Report at 17–18. As the Report and the California Court of Appeal noted in rejecting petitioner's claim, a rational jury could have interpreted the term "accident" to mean an "incident or event" (such as a traffic collision). Id.

Petitioner contends that the interpretation of "accident" as an "incident or event" is contrary to California law, pointing to People v. Kroncke, 70 Cal. App. 4th 1535 (1999) and State v. Liuafi, 1 Haw. App. 625, 623 P.2d 1271 (1981). However, the California Court of Appeal considered this argument in petitioner's

1    case and rejected his claims, declining to adopt the use of "accident" in Liuafi and
2    instead defining it as an "incident or event" as laid out in Jiminez. See People v.
3    Jiminez, 11 Cal.App.4th 1611, 1625 (1992), disapproved on other grounds in
4    People v. Korbin (1995) 11 Cal.4th 416, 419 ("The broad legislative purpose
5    behind the enactment of Vehicle Code section 20001 requires us to give the word
6    'accident' its broadest possible meaning so as to extend the requirements of the
7    statute to all injury-producing events involving vehicles"); Report at 10–13, 18.
8    The Court is bound by the state court's interpretation that accident could refer to
9    "an incident or event" and thus, the jury did not necessarily determine the collision
10   was unintentional.  See Bradshaw v. Richey, 46 U.S. 74, 76 (2005) ("[A] state
11   court's interpretation of state law, including one announced on direct appeal of the
12   challenged conviction, binds a federal court sitting in habeas corpus.").
13          Petitioner also emphasizes the identical evidence presented at both trials,
14   citing case law on double jeopardy. See Objection at 4–5. However, as the Report
15   outlined, the jury's failure to reach a verdict on the charges of murder and gross
16   vehicular manslaughter did not bar a retrial on those counts.[1] See Richardson v.

---

[1] In his habeas petition, petitioner contends that "[c]ollateral estoppel precluded the second trial on the murder count because Varela's first jury could not reach a verdict on that count, and instead convicted Varela of leaving the scene of an accident, thus finding the homicide was accidental." Petition at 8. It is unclear whether petitioner intends to argue that retrying the homicide charges violated the Double Jeopardy Clause of the U.S. Constitution. Nonetheless, the magistrate judge appropriately addressed the case law on these points and concluded that the hung verdicts do not implicate double jeopardy or collateral estoppel. See Report at 17 (citing Yeager v. United States, 557 U.S. 110, 121 (2009) ("Because a jury speaks only through its verdict, its failure to reach a verdict cannot — by negative

1  United States, 468 U.S. 317, 324 (1984); Report at 17.

2  Therefore, collateral estoppel did not bar the retrial on the murder and vehicular manslaughter charges based on the jury's verdict on the charge of leaving the scene of an accident.

**2. Sufficient Evidence of Use of Vehicle as a Dangerous Weapon**

Second, petitioner is not entitled to relief on his sufficiency of the evidence claim. On review of a sufficiency of evidence claim, the evidence must be viewed in the light most favorable to the prosecution, and this Court must ask whether any rational jury could have found the required elements of the charged offense beyond a reasonable doubt. See Report at 18–19; Jackson v. Virginia, 443 U.S. 307, 319 (1979). When facing "a record that supports conflicting inferences, a federal habeas court must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Jackson, 443 U.S. at 326.

The evidence in petitioner's case is sufficient to support the jury's finding that petitioner used his vehicle as a deadly weapon. See Report at 18–23; P.C. § 245(c); People v. Nuno, 26 Cal. App. 5th 43, 51–53 (2018). Petitioner pursued the police car—which was in pursuit of another vehicle—at a high speed, in a substantially larger vehicle, and crashed directly into the police car as it completed a U-turn. See Report at 18; Petition at 4; Answer at 6–9. While there was conflicting testimony as to the extent of petitioner's braking immediately before impact and whether he steered to avoid the collision or not, this Court is bound by the highly deferential insufficient evidence standard, as outlined in Jackson and the

---

implication — yield a piece of information that helps put together the trial puzzle."); Richardson, 468 U.S. at 324 ("[A] retrial following a 'hung jury' does not violate the Double Jeopardy Clause.")).

1  Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  See Report at
2  6–9, 19–22; 28 U.S.C. § 2254(d); Jackson, 443 U.S. at 319; Mathews, 567 U.S. at
3  43 (discussing the "twice-deferential standard" for review of sufficiency of
4  evidence claims under AEDPA); Objection at 6–7.

5        Accordingly, this conflicting testimony merely presents differing potential
6  inferences, and the Court must defer to the jury's resolution of such inferences.
7  See Report at 21-22; Muratalla v. Muniz, 2016 WL 6205504, at *12 (E.D. Cal.
8  Oct. 24, 2016) ("Petitioner's claim that the expert witness's conflicting testimony
9  constituted insufficient evidence fails at the outset on federal habeas review").  A
10 rational jury could have found, beyond a reasonable doubt, that petitioner
11 intentionally used his car as a deadly weapon.

12       In his second objection, petitioner contends the Report did not adequately
13 discuss the evidence in his case, and he repeats arguments regarding braking and
14 swerving his vehicle prior to the collision.  See Objection at 6–7.  However, both
15 the Report and the California Court of Appeal's own reasoned opinion assessed the
16 case law defining the use of a vehicle as a deadly weapon under California law and
17 outlined the evidence in petitioner's case supporting the jury's finding that he used
18 his vehicle as a deadly weapon.  See Report at 20–22.  The evidence and case law
19 cited by petitioner do not contradict the Report's analysis and do not compel a
20 conclusion that the California Court of Appeal's holding was based upon an
21 unreasonable determination of the facts.  Petitioner's Objection seeks to have the
22 Court reweigh the evidence and resolve inferences in his favor, but such a
23 reweighing of evidence is precluded under Jackson.  See Cavazos v. Smith, 565
24 U.S. 1, 8 n.* (2011); Jackson, 443 U.S. at 319, 324.  Thus, petitioner is not entitled
25 to relief on his sufficiency of the evidence claim.

26       Having completed its review, the Court accepts the findings and
27 recommendations set forth in the Report.  In accordance with the foregoing, the

Court **DENIES** the Petition and directs that judgment be entered dismissing this action with prejudice.

Dated: July 10, 2023

                                              CHRISTINA A. SNYDER
                                              United States District Judge